IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL BURNETT | : | |
| Plaintiff, | : | Case No. 2:06-cv-238 |
| v. | : | Judge Holschuh |
| DWAYNE WEST, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff Wendell Burnett's April 5, 2006 response to the Magistrate Judge's Initial Screening Report and Recommendation (Doc. # 7). Burnett is an inmate at the Noble Correctional Institution. He brings this action pursuant to 42 U.S.C. § 1983 generally challenging his state-court conviction and alleging that certain evidence used against him should have been suppressed. On March 28, 2006, the Magistrate Judge recommended dismissing Burnett's Fourth Amendment claim because Burnett could not bring a § 1983 claim challenging his conviction until he received habeas corpus relief. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), this Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's Report and Recommendation.

Burnett's complaint alleges that on April 30, 2001, Defendant Dwayne West and Howard Pettengill, Columbus Police Officers, conducted a *Terry* pat down of him but found no weapons or illegal drugs. Nonetheless, he was arrested. At booking, officers seized $582 from him. Burnett specifically alleges that "[a]s a result of this illegal detention, arrest, and search and seizure Plaintiff was charged, tried, and convicted of 'possession of cocaine' in State v. Burnett,

1

Case No. 01CR09-5090 in Franklin County Common Pleas Court." Further, Burnett argues that the trial judge arbitrarily denied his motion to suppress, and that the Court of Appeals affirmed the decision as well as his criminal conviction. Accordingly, the complaint alleges that the illegal search and seizure led to Burnett's conviction for the possession of cocaine.

As the Supreme Court made clear in Heck v. Humphrey, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (emphasis original). See also Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995).

In this case, as was noted by the Magistrate Judge, Plaintiff's § 1983 claim is directly tied to his state-court conviction; Plaintiff argues that the alleged Fourth Amendment violation caused him to be arrested, charged and convicted of possessing cocaine. Plaintiff's state-court conviction has not been set aside, and Plaintiff has been denied federal habeas corpus relief. Under these circumstances, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. See Schilling, 58 F.3d at 1085-86. Plaintiff's April 5, 2006 response to Magistrate Judge's Initial Screening Report and Recommendation (Doc. # 7) is therefore **OVERRULED**. The Magistrate Judge's March 28, 2006 Report and Recommendation (Doc. # 4) is **AFFIRMED** and **ADOPTED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**


<u>June 5, 2006</u>                                                          <u>/s/ John D. Holschuh     </u>
                                                                  John D. Holschuh, Judge
                                                                   United States District Court